**NOT FOR PUBLICATION**

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50165 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02797-CAB |
| v. | |
| MANUEL DE JESUS VARELA, a.k.a. De Jesus Isaguires-Varela, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Manuel De Jesus Varela appeals from the district court's judgment and challenges the 21-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

De Jesus Varela argues that the district court procedurally erred by failing to explain why it rejected his non-frivolous argument that his reason for reentry justified a lower sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered De Jesus Varela's sentencing arguments and adequately explained its reasons for selecting a within-Guidelines term. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Contrary to De Jesus Varela's contention, the record as a whole reflects that the district court believed that, notwithstanding De Jesus Varela's mitigating arguments, a sentence at the top of the Guidelines range was warranted in light of his criminal and immigration history. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation can be inferred from the record as a whole).

**AFFIRMED.**

17-50165